UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS PAUL COMBS,

    Applicant,

v.                                CASE NO. 8:14-cv-722-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.

_____/

## **O R D E R**

Combs applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for possession of cannabis with the intent to sell, possession of a firearm by a convicted felon, and possession of drug paraphernalia, for which he is imprisoned for five years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 19) Combs's initial sentence to probation and his later sentence to prison complicates the determination of timeliness, but the respondent correctly argues that the application is time-barred.

## **FEDERAL LIMITATION**

The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2254 application for the writ of habeas corpus. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

**Original Judgment and Sentence to Probation:**

On August 31, 2009, a judgement was entered based on Combs's guilty plea and favorable sentence to eighteen months of probation.  On September 30, 2009, the conviction became final and the one-year limitation started.  *See Booth v. State*, 14 So. 3d 291, 292 (Fla. 2nd DCA 2009) (recognizing that, when no appeal is filed, the judgment and sentence become final thirty days after the time for appealing has passed).  On September 30, 2010, the limitation expired because Combs filed no state proceeding that tolled the limitation.  As a consequence, a challenge the validity of the original conviction is untimely.  *See Zack v. Tucker*, 704 F.3d 917 (11th Cir.) (*en banc*) ("[T]he statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case."), *cert. denied*, 134 S. Ct. 156 (2013) (*overruling Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003)).

**Revocation of Probation and Sentence to Prison:**

During a search inside Combs's residence in April, 2010, Combs's probation officer and local law enforcement officers discovered both controlled substances and drug paraphernalia. The state court found (1) that, because the law enforcement officers lacked probable cause to conduct the search, the warrantless search could not support new drug charges but (2) that, under the terms of probation, the probation officer required no probable cause to conduct a search of Combs's residence. As a consequence, Combs's probation was revoked and he was sentenced to five years' imprisonment. Combs appealed. The revocation of probation and sentence of imprisonment were affirmed on December 28, 2011 (Respondent's Exhibit 4), and the conviction became final on March 28, 2012, which represents the time for petitioning for the writ of *certiorari*. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002). The one-year limitation would expire on March 28, 2013, absent tolling for a state post-conviction proceeding.

Combs let 281 days elapse before he filed a state petition for the writ of habeas corpus on January 3, 2013. Tolling continued until January 31, 2013, when the petition was denied because the petition asserted only procedurally defaulted claims. Combs had 84 days remaining (365 − 281 = 84). Consequently, Combs's federal one-year deadline was April 25, 2013 (January 31, 2013 + 84 days = April 25, 2013). Although on May 3, 2013, Combs filed a state petition for the writ of habeas corpus,

that proceeding afforded Combs no tolling because, as shown above, the limitation had expired. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). As a consequence, the federal application is untimely.

## **EQUITABLE TOLLING**

In his reply (Doc. 27) to the respondent's timeliness argument, Combs asserts entitlement to equitable tolling based in part on his inability to access the law library while imprisoned. An earlier order (Doc. 28) directs the respondent to reply to Combs's assertion. The respondent's reply (Doc. 29) and Combs' subsequent sur-reply (Doc. 30) disprove entitlement to equitable tolling.

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Combs must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. Regarding the first requirement, an applicant's "lack of diligence precludes equity's operation," 544 U.S. at 419, but "[t]he diligence required for

equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted). To satisfy the second requirement, Combs must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Assuming that he can meet the due diligence requirement, Combs's argument that his limited access to the prison law library fails to qualify as an "extraordinary circumstances" justifying equitable tolling. An "extraordinary circumstance" is shown by neither an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002), nor limited or restricted access to a prison law library. *Miller v. Florida*, 307 Fed. App'x 366, 367–68 (11th Cir. 2009)[1] ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). This lack of entitlement to equitable tolling is further explained in *Paulcin v. McDonough*, 259 Fed. App'x 211, 213 (11th Cir. 2007), *cert. denied* 555 U.S. 1086 (2008):

> In *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000), the movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

> these impediments did not exist, we declined to apply equitable tolling. *Id.* at 1090 (evaluating a § 2255 habeas motion). In *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. We stated "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In *Dodd*, the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and we found that the circumstances were not extraordinary. *Id.* (evaluating a § 2255 habeas motion).
>
> Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances. Paulcin failed to allege specifically or present evidence that his detention in county jail, due to pending criminal charges, was extraordinary or anything other than routine. Additionally, in the district court, Paulcin asserted only the conclusory allegation that he was denied access to the library and his records, but failed to allege how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding. In fact, Paulcin filed an appeal of a denial of a Fla. R. 3.850 motion in state court during the time he had no access to his records or the law library. This fact belies the allegation that he was prevented from pursing legal redress during his time at the Santa Rosa County Jail. Because Paulcin failed to establish extraordinary circumstances, the district court did not err in not applying equitable tolling and dismissing his petition as time-barred.

Even if the alleged lack of access to the law library could qualify for equitable tolling, Combs could not show that the "extraordinary circumstance" was the cause of his untimely filing. An applicant "must also show a nexus between the extraordinary circumstance and the late filing of his federal habeas petitions. *See San*

*Martin*, 633 F.3d at 1270–71.² *See also Fox v. McNeil*, 373 Fed. App'x 32, 34 (11th Cir. 2010) (stating that the petitioner must "establish a causal link between his claims of mental incompetence and the untimely filing of his federal habeas corpus petition."), *cert. denied*, ___ U.S. ___, 131 S. Ct. 1047 (2011). Combs attaches several grievance forms to the reply (Doc. 27), which exhibits he contends show that he diligently attempted to gain access to the law library. However, each grievance occurred after the limitation expired on April 25, 2013. As a consequence, Combs is not entitled to equitable tolling.

## ACTUAL INNOCENCE

Although Combs may challenge his conviction if he can show that he is "actually innocent" of the offense, actual innocence is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert a constitutional challenge to the conviction. In other words, actual innocence is a gateway that permits the review of a time-barred or a procedurally barred federal claim. Passing through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a

---

² *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir.), *cert. denied sub nom San Martin v. Tucker*, 132 S.Ct. 158 (2011).

petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)). Proof of actual innocence my overcome the statute of limitation, as *Perkins*, 133 S. Ct. at 1928 (brackets original), explains:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; see *House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

However entitlement to the "actual innocence" exception requires proof that the defendant did not commit the offense. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Combs confuses the distinction between the proceeding that revoked his probation and the proceeding that pursued new criminal charges. In the latter proceeding, the state court suppressed the evidence discovered during the search of

- 8 -

Combs's residence because the law enforcement officers lacked probable cause to conduct a warrantless search. That determination applied to only the new criminal charges based on the drugs discovered inside the residence. The state court ruled that the evidence discovered during the search was admissible to support the separate revocation of probation because probable cause was not required for the probation officer to conduct a warrantless search. Combs erroneously believes that the state was could not use the evidence to revoke probation because the evidence would not support the new criminal charges. In other words, Combs presents a "legal insufficiency" argument and not a "factual innocence" argument. Because he cannot meet the "actual innocence" exception to the limitation, Combs is not entitled to a review of the merits of his application.

Accordingly, the application for the writ of habeas corpus is **DISMISSED** as time-barred. The clerk must enter a judgment against Combs and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Combs is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Combs must show that reasonable jurists would find debatable both (1) the merits of

the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the application is clearly time-barred, Combs cannot meet *Slack*'s prejudice requirement.  529 U.S. at 484.  Finally, because Combs is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Combs must pay the full $505 appellate filing fee unless the circuit court allows Combs to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 7, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE